UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:25-cv-62066-DSL

JESSICA BRILUS and
CASSANDRA NICOLAS,

        Plaintiffs,

vs.

PATRICIA BATCHELDER and
JOHN ESPINAL,

        Defendants.

_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Defendants, PATRICIA BATCHELDER and JOHN ESPINAL (hereinafter "BATCHELDER" and "ESPINAL"), by and through the undersigned counsel, state the following in answer to, and in defense of Plaintiffs' JESSICA BRILUS and CASSANDRA NICOLAS (hereinafter "BRILUS" and "NICOLAS") Complaint:

1.     As to paragraph 1 of the Complaint, Defendants admit that Plaintiffs are attempting to make a claim that they were subjected to race discrimination, hostile work environment and retaliation by their employer, but deny that Plaintiffs were subjected to such conditions and that Defendants were Plaintiffs' employer.

2.     As to paragraph 2 of the Complaint, Defendants admit that Plaintiffs are seeking money damages under Section 1981, but deny that Plaintiffs were subjected to the alleged unlawful employment practices and also deny that Plaintiffs are entitled to monetary relief.

3.     As to paragraph 3 of the Complaint, Defendants state that Plaintiff BRILUS'

residence is unknown to them, so they are without sufficient knowledge to admit or deny the allegations and, therefore, deny the allegations contained therein and demand strict proof thereof.

4.      As to paragraph 4 of the Complaint, Defendants state that Plaintiff NICOLAS' residence is unknown to them, so they are without sufficient knowledge to admit or deny the allegations and, therefore, deny the allegations contained therein and demand strict proof thereof.

5.      As to paragraph 5 of the Complaint, Defendants admit the allegations contained therein.

6.      As to paragraph 6 of the Complaint, Defendants deny that Espinal "supervised" Plaintiffs to the extent that implies he had the authority to hire, fire, demote and/or promote Plaintiffs. Espinal was not Plaintiffs' immediate supervisor.

7.      As to paragraph 7 of the Complaint, Defendants deny the allegations contained therein. Defendants were not Plaintiffs' employer.

8.      As to paragraph 8 of the Complaint, Defendants admit that the Court has jurisdiction over this action.

9.      As to paragraph 9 of the Complaint, Defendants admit venue is proper in this Court but deny the alleged "unlawful employment practices" based on alleged "events and omissions" described in the Complaint.

10.     As to paragraph 10 of the Complaint, Defendants deny the allegations contained therein and specifically deny the alleged "unlawful conduct."

11.     As to paragraph 11 of the Complaint, Defendants deny Batchelder had direct supervisory authority over Plaintiffs.

12.     As to paragraph 12 of the Complaint, Defendants admit the allegations contained therein.

13.     As to paragraph 13 of the Complaint, Defendants deny that Espinal held "supervisory authority" over Plaintiffs to the extent that implies he had the authority to hire, fire, demote and/or promote Plaintiffs. Espinal was not Plaintiffs' immediate supervisor.

14.     As to paragraph 14 of the Complaint, Defendants admit the allegations contained therein.

15.     As to paragraph 15 of the Complaint, Defendants are without knowledge of the meaning of the undefined term "protected class" and to the extent it is intended to be a legal term Defendants state that same is a legal conclusion and/or argument for the Court to decide.

16.     As to paragraph 16 of the Complaint, Defendants deny the allegations contained therein.

17.     As to paragraph 17 of the Complaint, Defendants deny the allegations contained therein.

18.     As to paragraph 18 of the Complaint, Defendants deny the allegations contained therein.

19.     As to paragraph 19 of the Complaint, Defendants deny the allegations contained therein. Plaintiff received an above target performance evaluation.

20.     As to paragraph 20 of the Complaint, Defendants deny the allegations contained therein. Plaintiff received an on target performance evaluation.

21-29.   The Complaint does not contain paragraphs 21-29, which were omitted from the Complaint.

30.     As to paragraph 30 of the Complaint, Defendants deny the characterization of Plaintiff's job performance as "excellent" but admit that the process of promoting Plaintiff to the stated position began at or about the date alleged.

31.     As to paragraph 31 of the Complaint, Defendants are without knowledge of the alleged "rumors" Plaintiff claims to have heard and therefore deny those allegations and demand strict proof thereof.

32.     As to paragraph 32 of the Complaint, Defendants deny the allegations contained therein.

33.     As to paragraph 33 of the Complaint, Defendants deny the allegations contained therein. The allegation is conclusory and contains no factual basis.

34.     As to paragraph 34 of the Complaint, on information and belief, Defendants deny that Carlos Rey stated Plaintiff was "too fat" and needed to "become skinnier."

35.     As to paragraph 35 of the Complaint, Defendants deny the allegations contained therein. Defendants deny that Carlos Rey stated Plaintiff was "too fat" and needed to "become skinnier." Defendants deny that they took "no meaningful action."

36.     As to paragraph 36 of the Complaint, Defendants deny the characterization of the interaction and unspecified damage alleged therein. Defendants admit that Plaintiff was afforded two paid days off.

37.     As to paragraph 37 of the Complaint, upon information and belief, Defendants deny the allegations contained therein.

38.     As to paragraph 38 of the Complaint, upon information and belief, Defendants deny the allegations contained therein.

39.     As to paragraph 39 of the Complaint, upon information and belief, Defendants deny the allegations contained therein.

40.     As to paragraph 40 of the Complaint, Defendants deny the allegations contained therein. Defendants deny the unspecified reporting of the incident to Defendants and further deny

the conclusory assertion that Defendants encouraged or permitted such comments.

41.    As to paragraph 41 of the Complaint, upon information and belief, Defendants deny the allegations contained therein.

42.    As to paragraph 42 of the Complaint, Defendants deny the allegations contained therein, as more specifically stated above in response to prior paragraphs.

43.    As to paragraph 43 of the Complaint, Defendants deny the allegations contained therein, as more specifically stated above in response to prior paragraphs. Defendants specifically deny the alleged "hostility and unlawful activity."

44.    As to paragraph 44 of the Complaint, Defendants deny the allegations contained therein. Defendants again deny that Plaintiff made the alleged report to Defendant.

45.    As to paragraph 45 of the Complaint, Defendants are without sufficient knowledge of Plaintiff's alleged medical condition and timing thereof and therefore demand strict proof thereof.

46.    As to paragraph 46 of the Complaint, Defendants deny the allegations as characterized by Plaintiff.

47.    As to paragraph 47 of the Complaint, Defendants deny the allegations as characterized by Plaintiff.

48.    As to paragraph 48 of the Complaint, Defendants admit that Plaintiff was promoted but deny the vague characterization of Plaintiff's work performance.

49.    As to paragraph 49 of the Complaint, Defendants deny the allegations contained therein as phrased but admit that Plaintiff was assigned to an office with Plaintiff Nicolas.

50.    As to paragraph 50 of the Complaint, Defendants are without knowledge of the alleged "rumors" Plaintiff claims to have heard and therefore deny those allegations and demand

strict proof thereof.

51.     As to paragraph 51 of the Complaint, Defendants deny the allegations contained therein.

52.     As to paragraph 52 of the Complaint, Defendants deny the allegations contained therein.

53.     As to paragraph 53 of the Complaint, Defendants deny the allegations contained therein. Defendants deny the characterization of the nature of the meetings, Plaintiff's job duties and the operations of the Company.

54.     As to paragraph 54 of the Complaint, Defendants deny the characterization of Espinal's alleged behavior.

55.     As to paragraph 55 of the Complaint, Defendants deny the characterization of the incident and also deny alleged statements by Defendants.

56.     As to paragraph 56 of the Complaint, Defendants deny the allegations contained therein.

57.     As to paragraph 57 of the Complaint, Defendants admit that there was an employee incident on that date but deny Plaintiffs' characterization of that incident and the workplace.

58.     As to paragraph 58 of the Complaint, Defendants deny the allegations contained therein.

59.     As to paragraph 59 of the Complaint, Defendants deny the allegations contained therein.

60.     As to paragraph 60 of the Complaint, Defendants deny the allegations contained therein.

61.     As to paragraph 61 of the Complaint, Defendants deny the allegations contained

therein. Defendants are without knowledge of whether Plaintiffs spoke to Ms. Montilus in Creole on that date and therefore demand strict proof thereof.

62.     As to paragraph 62 of the Complaint, Defendants deny the allegations contained therein.

63.     As to paragraph 63 of the Complaint, Defendants deny the allegations contained therein.

64.     As to paragraph 64 of the Complaint, Defendants deny the allegations contained therein. Defendants specifically deny the alleged "unlawful and discriminatory conduct" and therefore deny the alleged context of confidences between Plaintiffs and demand strict proof thereof

65.     As to paragraph 65 of the Complaint, Defendants deny the allegations contained therein. Defendants specifically deny the reporting of the aforementioned accusations to Batchelder during the relevant time period.

66.     As to paragraph 66 of the Complaint, Defendants deny the allegations contained therein. Defendants are without knowledge as to whether Plaintiff was asked to braid Ms. Solimar's hair and therefore demand strict proof thereof. Upon information and belief, Defendants deny the remaining racial component of the allegations.

67.     As to paragraph 67 of the Complaint, Defendants deny the allegations contained therein as phrased. Defendants admit there was a dialogue resulting in proposed resolutions to address Plaintiff's complaints about Defendant's open-door policy and headphones policy but denies Plaintiff's claim of "clear racism in the workplace."

68.     As to paragraph 68 of the Complaint, Defendants deny the allegations contained therein as phrased and characterized by Plaintiff. Plaintiff leaves out pertinent details of the issue

7

and proposed resolution.

69.     As to paragraph 69 of the Complaint, Defendants deny the allegations contained therein as phrased. Defendants are without knowledge of the unnamed "team members" and states they may have made about Plaintiff being terminated. Defendants specifically deny Espinal made racially disparaging comments behind Plaintiff's back.

70.     As to paragraph 70 of the Complaint, Defendants deny the allegations contained therein as phrased.

71.     As to paragraph 71 of the Complaint, Defendants deny the allegations contained therein. Plaintiff misstates the actual incident, events and communications.

72.     As to paragraph 72 of the Complaint, Defendants deny the allegations contained therein as phrased and characterized by Plaintiff. Plaintiff misstates the incident and resolution thereof.

73.     As to paragraph 73 of the Complaint, Defendants admit that Plaintiff sent an email that stated, in part, as alleged.

74.     As to paragraph 74 of the Complaint, Defendants deny the allegations contained therein.

75.     As to paragraph 75 of the Complaint, Defendants deny the allegations contained therein. Defendants specifically deny that Espinal ignored Plaintiff and/or "continued" to leave Plaintiff out of pertinent client meetings.

76.     As to paragraph 76 of the Complaint, Defendants deny the allegations contained therein.

77.     As to paragraph 77 of the Complaint, Defendants deny the allegations contained therein. Defendants specifically deny the alleged "discriminatory comments." Defendants are

without sufficient knowledge of what Brilus may have told Nicolas with respect to the false allegation herein.

78.     As to paragraph 78 of the Complaint, upon information and belief, Defendants deny the allegations contained therein. Defendant specifically denies that Espinal was gossiping about Plaintiff and/or making racist and disrespectful comments about Plaintiff.

79.     As to paragraph 79 of the Complaint, upon information and belief, Defendants deny the allegations contained therein.

80.     As to paragraph 80 of the Complaint, Defendants deny the allegations contained therein.

81.     As to paragraph 81 of the Complaint, Defendants deny the allegations contained therein.

82.     As to paragraph 82 of the Complaint, Defendants admit that there was a communication about a potential HIPPA violation but deny the remaining allegations contained therein including Espinal's alleged comment and reaction.

83.     As to paragraph 83 of the Complaint, Defendants deny the allegations contained therein.

84.     As to paragraph 84 of the Complaint, Defendants deny the allegations contained therein.

85.     As to paragraph 85 of the Complaint, Defendants deny the allegations contained therein. Specifically, Defendants deny the alleged "hostility and unlawful activity."

86.     As to paragraph 86 of the Complaint, Defendants admit that on or about that date Batchelder stated she was unaware of any concerns with Plaintiff's work in regards to a March 21, 2024 email.

87.     As to paragraph 87 of the Complaint, Defendants deny the allegations contained therein.

88.     As to paragraph 88 of the Complaint, Defendants admit that Brilus raised the issue of Orozco's pay with Batchelder but deny the remaining allegations and deny that Plaintiff's "concerns" were disregarded.

89.     As to paragraph 89 of the Complaint, Defendants admit, in part, the allegations contained therein and reference the entirety of the email and preceding events for context.

90.     As to paragraph 90 of the Complaint, Defendants admit, in part, the allegations contained therein and reference the entirety of the email and preceding events for context.

91.     As to paragraph 91 of the Complaint, Defendants deny the allegations contained therein.

92.     As to paragraph 92 of the Complaint, Defendants admit that there was a meeting on the date stated but deny the remaining allegations contained therein and specifically deny Plaintiff was not permitted to express herself or was interrupted.

93.     As to paragraph 93 of the Complaint, Defendants admit that Plaintiff was asked to walk around the floor and be visible to facilitators. Defendants deny the remaining allegations.

94.     As to paragraph 94 of the Complaint, Defendants admit that Plaintiff sent an email (that Plaintiff references, in part) but reference the entirety of the email and preceding events for context.

95.     As to paragraph 95 of the Complaint, Defendants admit that Ms. Espinal sent a lengthy email (that Plaintiff references, in small part) but reference the entirety of the email and preceding events for context.

96.     As to paragraph 96 of the Complaint, Defendants admit that Plaintiff was informed

she was terminated on the stated date.

97.     As to paragraph 97 of the Complaint, Defendants deny the inference being drawn by Plaintiff but admit that Plaintiff was informed of her termination on April 2, 2024.

98.     As to paragraph 98 of the Complaint, Defendants deny the allegations contained therein and deny the characterization of the communication between Plaintiff and Batchelder.

99.     As to paragraph 99 of the Complaint, Defendants deny the allegations contained therein to the extent that they imply Brilus was terminated for "standing up to racism and discrimination." The allegations are self-serving opinions. Defendant denies the remaining allegations contained therein.

100.    As to paragraph 100 of the Complaint, Defendants deny the allegations contained therein as phrased. Defendants further deny the incident as characterized by Plaintiff.

101.    As to paragraph 101 of the Complaint, Defendants deny the allegations contained therein. Defendants are without knowledge of the alleged email and demand strict proof thereof.

102.    As to paragraph 102 of the Complaint, Defendants admit that Plaintiff sent an email on the stated date but deny the characterization of the email, underlying basis for the email and Batchelder's response, as phrased.

103.    As to paragraph 103 of the Complaint, Defendants deny the allegations contained therein.

104.    As to paragraph 104 of the Complaint, Defendants admit Plaintiff sent an email on the stated date but deny the underlying basis for the email and the characterization of the prior email.

105.    As to paragraph 105 of the Complaint, Defendants deny the allegations contained therein as phrased. Further, Defendants deny work assigned to Plaintiff was excessive. Defendants

11

admit that Plaintiff was sent home for refusing an assignment and insubordination.

106.    As to paragraph 106 of the Complaint, Defendants deny the allegations contained therein and deny Plaintiff characterization of her 11:10am email.

107.    As to paragraph 107 of the Complaint, Defendants admit that Plaintiff was terminated on April 11, 2024, but deny the implications and characterization of the event as related to her complaint of "unlawful discrimination and harassment."

108.    As to paragraph 108 of the Complaint, Defendants deny the inference being drawn by Plaintiff but admit that Plaintiff was terminated on April 11, 2024.

109.    As to paragraph 109 of the Complaint, Defendants deny the allegations contained therein. More specifically, Defendant denies that Plaintiff has alleged conduct that was discriminatory or retaliatory and further deny that there or unspecified other examples of same.

110.    As to paragraph 110 of the Complaint, Defendants deny the allegations contained therein.

111.    As to paragraph 111 of the Complaint, Defendants deny the allegations contained therein.

112.    As to paragraph 112 of the Complaint, Defendants are without knowledge of the alleged unnamed "employees" referenced by Plaintiff and demand strict proof thereof and further deny the remaining allegations contained therein.

113.    As to paragraph 113 of the Complaint, Defendants deny the allegations contained therein.

114.    As to paragraph 114 of the Complaint, Defendants deny the allegations contained therein.

115.    As to paragraph 115 of the Complaint, Defendants deny the allegations contained

therein.

116.     As to paragraph 116 of the Complaint, Defendants deny the allegations contained

therein.

117.     As to paragraph 117 of the Complaint, Defendants deny the allegations contained

therein.

118.     As to paragraph 118 of the Complaint, Defendants re-state and re-allege their

responses to paragraphs 11 through 117, as if fully set forth herein.

119.     As to paragraph 119 of the Complaint, Defendants state that the allegations are

mere legal conclusions and argument, not factual allegations and are in complete statements of the

law, taken out of context and/or inapplicable. To the extent a response is required, Plaintiff has

failed to state and/or has insufficient evidence of a cause of action against Defendants for race

discrimination.

120.     As to paragraph 120 of the Complaint, Defendants state that the allegations are

mere legal conclusions and argument, not factual allegations and are in complete statements of the

law, taken out of context and/or inapplicable. To the extent a response is required, Plaintiff has

failed to state and/or has insufficient evidence of a cause of action against Defendants for race

discrimination.

121.     As to paragraph 121 of the Complaint, Defendants do not dispute plaintiff's

allegation that she is a Black individual but deny Plaintiff's claim that she is in an undefined

"protected class" and to the extent this is a legal term of art, state that it is a legal conclusion/

argument for the Court to decide and no response is required. To the extent a response is required,

denied.

122.     As to paragraph 122 of the Complaint, Defendants state that the allegations are

mere legal conclusions and argument, not factual allegations and are in complete statements of the law, taken out of context and/or inapplicable. To the extent a response is required, Plaintiff has failed to state and/or has insufficient evidence of a cause of action against Defendants for race discrimination.

123.    As to paragraph 123 of the Complaint, Defendants deny the allegations contained therein.

124.    As to paragraph 124 of the Complaint, Defendants deny the allegations contained therein.

125.    As to paragraph 125 of the Complaint, Defendants deny the allegations contained therein.

126.    As to paragraph 126 of the Complaint, Defendants deny the allegations contained therein.

127.    As to paragraph 127 of the Complaint, Defendants deny the allegations contained therein.

128.    As to paragraph 128 of the Complaint, Defendants deny the allegations contained therein.

129.    As to paragraph 129 of the Complaint, Defendants deny the allegations contained therein and deny that Plaintiff is entitled to her attorney's fees and costs.

130.    As to paragraph 130 of the Complaint, Defendants re-state and re-allege their responses to paragraphs 11 through 117, as if fully set forth herein.

131.    As to paragraph 131 of the Complaint, Defendants state that the allegations are mere legal conclusions and argument, not factual allegations and are in complete statements of the law, taken out of context and/or inapplicable. To the extent a response is required, Plaintiff has

failed to state and/or has insufficient evidence of a cause of action against Defendants for hostile work environment.

132.   As to paragraph 132 of the Complaint, Defendants state that the allegations are mere legal conclusions and argument, not factual allegations and are in complete statements of the law, taken out of context and/or inapplicable. To the extent a response is required, Plaintiff has failed to state and/or has insufficient evidence of a cause of action against Defendants for hostile work environment.

133.   As to paragraph 133 of the Complaint, Defendants do not dispute plaintiff's allegation that she is a Black individual but deny Plaintiff's claim that she is in an undefined "protected class member" and to the extent this is a legal term of art, state that it is a legal conclusion/ argument for the Court to decide and no response is required. To the extent a response is required, denied.

134.   As to paragraph 134 of the Complaint, Defendants deny the allegations contained therein.

135.   As to paragraph 135 of the Complaint, Defendants deny the allegations contained therein.

136.   As to paragraph 136 of the Complaint, Defendants deny the allegations contained therein.

137.   As to paragraph 137 of the Complaint, Defendants deny the allegations contained therein.

138.   As to paragraph 138 of the Complaint, Defendants deny the allegations contained therein.

139.   As to paragraph 139 of the Complaint, Defendants deny the allegations contained

therein.

140.    As to paragraph 140 of the Complaint, Defendants deny the allegations contained therein.

141.    As to paragraph 141 of the Complaint, Defendants deny the allegations contained therein and deny that Plaintiff is entitled to her attorney's fees and costs.

142.    As to paragraph 142 of the Complaint, Defendants re-state and re-allege their responses to paragraphs 11 through 117, as if fully set forth herein.

143.    As to paragraph 143 of the Complaint, Defendants state that the allegations are mere legal conclusions and argument, not factual allegations and are in complete statements of the law, taken out of context and/or inapplicable. To the extent a response is required, Plaintiff has failed to state and/or has insufficient evidence of a cause of action against Defendants for retaliation.

144.    As to paragraph 144 of the Complaint, Defendants state that the allegations are mere legal conclusions and argument, not factual allegations and are in complete statements of the law, taken out of context and/or inapplicable. To the extent a response is required, Plaintiff has failed to state and/or has insufficient evidence of a cause of action against Defendants for retaliation.

145.    As to paragraph 145 of the Complaint, Defendants deny the allegations contained therein.

146.    As to paragraph 146 of the Complaint, Defendants deny the allegations contained therein.

147.    As to paragraph 147 of the Complaint, Defendants deny the allegations contained therein.

148.     As to paragraph 148 of the Complaint, Defendants deny the allegations contained therein.

149.     As to paragraph 149 of the Complaint, Defendants deny the allegations contained therein.

150.     As to paragraph 150 of the Complaint, Defendants deny the allegations contained therein. Defendants admit that Plaintiff was terminated on the stated date but deny the remaining allegations.

151.     As to paragraph 151 of the Complaint, Defendants deny the allegations contained therein.

152.     As to paragraph 152 of the Complaint, Defendants deny the allegations contained therein.

153.     As to paragraph 153 of the Complaint, Defendants deny the allegations contained therein.

154.     As to paragraph 154 of the Complaint, Defendants deny the allegations contained therein.

155.     As to paragraph 155 of the Complaint, Defendants deny the allegations contained therein.

156.     As to paragraph 156 of the Complaint, Defendants deny the allegations contained therein and deny that Plaintiff is entitled to her attorney's fees and costs.

157.     As to paragraph 157 of the Complaint, Defendants re-state and re-allege their responses to paragraphs 11 through 117, as if fully set forth herein.

158.     As to paragraph 158 of the Complaint, Defendants state that the allegations are mere legal conclusions and argument, not factual allegations and are in complete statements of the

law, taken out of context and/or inapplicable. To the extent a response is required, Plaintiff has failed to state and/or has insufficient evidence of a cause of action against Defendants for race discrimination.

159.    As to paragraph 159 of the Complaint, Defendants state that the allegations are mere legal conclusions and argument, not factual allegations and are in complete statements of the law, taken out of context and/or inapplicable. To the extent a response is required, Plaintiff has failed to state and/or has insufficient evidence of a cause of action against Defendants for race discrimination.

160.    As to paragraph 160 of the Complaint, Defendants do not dispute plaintiff's allegation that she is a Black individual but deny Plaintiff's claim that she is in an undefined "protected class" and to the extent this is a legal term of art, state that it is a legal conclusion/argument for the Court to decide and no response is required. To the extent a response is required, denied.

161.    As to paragraph 161 of the Complaint, Defendants state that the allegations are mere legal conclusions and argument, not factual allegations and are in complete statements of the law, taken out of context and/or inapplicable. To the extent a response is required, Plaintiff has failed to state and/or has insufficient evidence of a cause of action against Defendants for race discrimination.

162.    As to paragraph 162 of the Complaint, Defendants deny the allegations contained therein.

163.    As to paragraph 163 of the Complaint, Defendants deny the allegations contained therein.

164.    As to paragraph 164 of the Complaint, Defendants deny the allegations contained

therein.

165.    As to paragraph 165 of the Complaint, Defendants deny the allegations contained

therein.

166.    As to paragraph 166 of the Complaint, Defendants deny the allegations contained

therein.

167.    As to paragraph 167 of the Complaint, Defendants deny the allegations contained

therein.

168.    As to paragraph 168 of the Complaint, Defendants deny the allegations contained

therein and deny that Plaintiff is entitled to her attorney's fees and costs.

169.    As to paragraph 169 of the Complaint, Defendants re-state and re-allege their

responses to paragraphs 11 through 117, as if fully set forth herein.

170.    As to paragraph 170 of the Complaint, Defendants state that the allegations are

mere legal conclusions and argument, not factual allegations and are in complete statements of the

law, taken out of context and/or inapplicable. To the extent a response is required, Plaintiff has

failed to state and/or has insufficient evidence of a cause of action against Defendants for hostile

work environment.

171.    As to paragraph 171 of the Complaint, Defendants state that the allegations are

mere legal conclusions and argument, not factual allegations and are in complete statements of the

law, taken out of context and/or inapplicable. To the extent a response is required, Plaintiff has

failed to state and/or has insufficient evidence of a cause of action against Defendants for hostile

work environment.

172.    As to paragraph 172 of the Complaint, Defendants do not dispute plaintiff's

allegation that she is a Black individual but deny Plaintiff's claim that she is in an undefined

"protected class member" and to the extent this is a legal term of art, state that it is a legal conclusion/ argument for the Court to decide and no response is required. To the extent a response is required, denied.

173.    As to paragraph 173 of the Complaint, Defendants deny the allegations contained therein.

174.    As to paragraph 174 of the Complaint, Defendants deny the allegations contained therein.

175.    As to paragraph 175 of the Complaint, Defendants deny the allegations contained therein.

176.    As to paragraph 176 of the Complaint, Defendants deny the allegations contained therein.

177.    As to paragraph 177 of the Complaint, Defendants deny the allegations contained therein.

178.    As to paragraph 178 of the Complaint, Defendants deny the allegations contained therein.

179.    As to paragraph 179 of the Complaint, Defendants deny the allegations contained therein.

180.    As to paragraph 180 of the Complaint, Defendants deny the allegations contained therein and deny that Plaintiff is entitled to her attorney's fees and costs.

181.    As to paragraph 181 of the Complaint, Defendants re-state and re-allege their responses to paragraphs 11 through 117, as if fully set forth herein.

182.    As to paragraph 182 of the Complaint, Defendants state that the allegations are mere legal conclusions and argument, not factual allegations and are in complete statements of the

law, taken out of context and/or inapplicable. To the extent a response is required, Plaintiff has failed to state and/or has insufficient evidence of a cause of action against Defendants for retaliation.

183.    As to paragraph 183 of the Complaint, Defendants state that the allegations are mere legal conclusions and argument, not factual allegations and are in complete statements of the law, taken out of context and/or inapplicable. To the extent a response is required, Plaintiff has failed to state and/or has insufficient evidence of a cause of action against Defendants for retaliation.

184.    As to paragraph 184 of the Complaint, Defendants deny the allegations contained therein.

185.    As to paragraph 185 of the Complaint, Defendants deny the allegations contained therein.

186.    As to paragraph 186 of the Complaint, Defendants deny the allegations contained therein.

187.    As to paragraph 187 of the Complaint, Defendants deny the allegations contained therein.

188.    As to paragraph 188 of the Complaint, Defendants deny the allegations contained therein.

189.    As to paragraph 189 of the Complaint, Defendants deny the allegations contained therein. Defendants admit that Plaintiff was terminated on the stated date but deny the remaining allegations.

190.    As to paragraph 190 of the Complaint, Defendants deny the allegations contained therein as explained more fully above.

191.     As to paragraph 191 of the Complaint, Defendants deny the allegations contained therein as explained more fully above.

192.     As to paragraph 192 of the Complaint, Defendants deny the allegations contained therein.

193.     As to paragraph 193 of the Complaint, Defendants deny the allegations contained therein.

194.     As to paragraph 194 of the Complaint, Defendants deny the allegations contained therein.

195.     As to paragraph 195 of the Complaint, Defendants deny the allegations contained therein.

196.     As to paragraph 196 of the Complaint, Defendants deny the allegations contained therein.

197.     As to paragraph 197 of the Complaint, Defendants deny the allegations contained therein and deny that Plaintiff is entitled to her attorney's fees and costs.

As to the WHEREFORE clause and PRAYER FOR RELIEF following paragraph 197 of the Complaint, Defendants deny that Plaintiffs are entitled to any relief whatsoever and specifically deny that Plaintiffs are entitled to the relief enumerated therein. Defendants demand judgment against Plaintiffs for all attorney's fees and costs incurred.

Defendants deny all allegations contained in the Complaint not specifically admitted herein.

Defendants demand judgment against Plaintiffs for all attorney's fees and costs incurred pursuant to Section 1981, Fed.R.Civ.P. 11, 28 U.S.C. §1927, and the Court's inherent authority.

## JURY DEMAND

Defendants demand a trial by jury as to all issues triable as of right by jury.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As Defendants' first affirmative defense, Defendants assert that Plaintiffs have failed to exhaust federal, state, local or internal administrative remedies before bringing this action.

### SECOND AFFIRMATIVE DEFENSE

As Defendants' second affirmative defense, Defendants assert that all employment related decisions made with respect to Plaintiffs, or which affected Plaintiffs, were based on reasonable factors other than race or retaliation.

### THIRD AFFIRMATIVE DEFENSE

As Defendants' third affirmative defense, Defendants assert that all employment related decisions made with respect to Plaintiffs, or which affected Plaintiffs, were made in good faith for legitimate, non-discriminatory reasons.

### FOURTH AFFIRMATIVE DEFENSE

As Defendants' fourth affirmative defense, Defendants assert that Plaintiffs have failed to allege all of the necessary elements for the claims set forth in the Complaint.  Accordingly, the Complaint should be dismissed for failure to state claims upon which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

As Defendants' fifth affirmative defense, Defendants assert that Plaintiffs cannot establish but for causation as required under 42 U.S.C. §1981.

### SIXTH AFFIRMATIVE DEFENSE

As Defendants' sixth affirmative defense, Defendants assert that the same decisions would

have been reached regarding Plaintiffs' employment regardless of race or alleged complaints of discrimination.

SEVENTH AFFIRMATIVE DEFENSE

As Defendants' seventh affirmative defense, Defendants assert that Plaintiffs' claims are impermissibly duplicative.

EIGHTH AFFIRMATIVE DEFENSE

As Defendants' eighth affirmative defense, Defendants state that any damages, if any, which Plaintiffs claim in this action must be reduced by the amount which Plaintiffs received, or could have received upon reasonable effort, in subsequent employment or otherwise. Plaintiffs are obligated to mitigate damages.

NINTH AFFIRMATIVE DEFENSE

As Defendants' ninth affirmative defense, Defendants assert that any relief that Plaintiff may recover in this action is restricted by the statutes which form the basis for the cause of action. Plaintiff's claims for damages beyond the statutes are barred and/or waived.

TENTH AFFIRMATIVE DEFENSE

As Defendants' tenth affirmative defense, Defendants assert that the action is barred by res judicata, waiver, estoppel (collateral or otherwise), release or agreement.

ELEVENTH AFFIRMATIVE DEFENSE

As Defendants' eleventh affirmative defense, Defendants assert that some or all of Plaintiff's claims are subject to the statute of limitations.

TWELFTH AFFIRMATIVE DEFENSE

As Defendants' twelfth affirmative defense, Defendants assert that Plaintiffs' claims are barred by laches.

<u>THIRTEENTH AFFIRMATIVE DEFENSE</u>

As Defendants' thirteenth affirmative defense, Defendants assert that Plaintiffs' claims for damages are subject to the limitations set forth in 42 U.S.C. § 1981a.

<u>FOURTEENTH AFFIRMATIVE DEFENSE</u>

As Defendants' fourteenth affirmative defense, Defendants assert that Plaintiffs may not recover punitive damages against Defendants.

<u>FIFTEENTH AFFIRMATIVE DEFENSE</u>

As Defendants' fifteenth affirmative defense, Defendants assert that Plaintiffs failed to give notice to Defendants of any alleged discrimination, harassment or retaliation. Defendant also asserts that he had no actual or constructive notice of any alleged prior wrongful actions or inactions of others. And Plaintiffs did not provide a reasonable opportunity take prompt remedial action or cure the alleged discrimination, harassment or retaliation.

<u>SIXTEENTH AFFIRMATIVE DEFENSE</u>

As Defendants' sixteenth affirmative defense, Defendants assert that they would have taken the same action in the absence of any impermissible motivating factor.

<u>SEVENTEENTH AFFIRMATIVE DEFENSE</u>

As Defendants' seventeenth affirmative defense, Defendants assert that Plaintiffs cannot obtain multiple recoveries by attempting to sue under multiple causes of action and/or claims.

<u>EIGHTEENTH AFFIRMATIVE DEFENSE</u>

As Defendants' eighteenth affirmative defense, Defendants assert that Plaintiffs failed to separate each claim founded upon a separate transaction or occurrence.

<u>NINETEENTH AFFIRMATIVE DEFENSE</u>

As Defendants' nineteenth affirmative defense, Defendants assert that Plaintiffs consented

to all conduct and actions. Plaintiffs expressly or impliedly assented to, ratified or concurred with the conduct alleged to be unlawful.

<u>TWENTIETH AFFIRMATIVE DEFENSE</u>

As Defendants' twentieth affirmative defense, Defendants assert that they conducted no extreme or outrageous conduct.

<u>TWENTY-FIRST AFFIRMATIVE DEFENSE</u>

As Defendants' twenty-first affirmative defense, Defendants assert that they did not act intentionally or recklessly to cause severe emotional harm.

<u>TWENTY-SECOND AFFIRMATIVE DEFENSE</u>

As Defendants' twenty-second affirmative defense, Defendants assert that Plaintiffs suffered no severe emotional harm.

<u>TWENTY-THIRD AFFIRMATIVE DEFENSE</u>

As Defendants' twenty-third affirmative defense, Defendants assert that Plaintiffs, by virtue of Plaintiffs' own conduct, must be estopped from asserting the causes of action against Defendants.

<u>TWENTY-FOURTH AFFIRMATIVE DEFENSE</u>

As Defendants' twenty-fourth affirmative defense, Defendants assert that Plaintiffs, by virtue of Plaintiffs' own conduct, are guilty of unclean hands, which bars or reduces Plaintiffs' recovery against Defendants.

<u>TWENTY-FIFTH AFFIRMATIVE DEFENSE</u>

As Defendants' twenty-fifth affirmative defense, Defendants assert that some or all of the relief Plaintiffs claims may be barred and/or limited due to after-acquired evidence of Plaintiffs' on-the-job and employment-related misconduct.

<u>TWENTY-SIXTH AFFIRMATIVE DEFENSE</u>

As Defendants' twenty-sixth affirmative defense, Defendants assert that Defendants took reasonable care to prevent and promptly correct and alleged discrimination, harassment or retaliation, and Plaintiffs unreasonably failed to take advantage of preventative and corrective opportunities.

<u>TWENTY-SEVENTH AFFIRMATIVE DEFENSE</u>

As Defendants' twenty-seventh affirmative defense, Defendants assert that to the extent Plaintiffs suffered symptoms of mental or emotional distress or injury, they were the result of pre-existing psychological disorders or alternative concurrent causes, and not the result of any act or omission of Defendants.

<u>TWENTY-EIGHTH AFFIRMATIVE DEFENSE</u>

As Defendants' twenty-eighth affirmative defense, Defendants assert that Defendants were not Plaintiffs' employer and had no employment contract or agreement with Plaintiffs.

**<u>JURY DEMAND</u>**

Defendants demand a trial by jury as to all issues triable as of right by jury.


Respectfully submitted,

TODD W. SHULBY, P.A.
Todd W. Shulby, Esq.
1792 Bell Tower Lane
Weston, Florida 33326
Telephone: (954) 530-2236
Facsimile: (954) 530-6628
E-mail: tshulby@shulbylaw.com
Counsel for Defendants

By:      /s/Todd W. Shulby, Esq.
         Florida Bar No.: 068365