UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JESSICA BRILUS and
CASSANDRA NICOLAS,

      Plaintiffs,                          CASE NO.: 0:25-cv-62066-DSL

v.

PATRICIA BATCHELDER and
JOHN ESPINAL,

      Defendants.
_____/

## JOINT SCHEDULING REPORT

Pursuant to Rule 16.1(b) of the Local Rules of the United States District Court for the Southern District of Florida, Plaintiffs, JESSICA BRILUS and CASSANDRA NICOLAS ("Plaintiffs"), and Defendants, PATRICIA BATCHELDER and JOHN ESPINAL ("Defendants"), by and through respective undersigned counsel, hereby respectfully file this Joint Status Report and accompanying Joint Proposed Scheduling Order, and state as follows:

**(A)** **The likelihood of settlement**

The Parties have not yet begun to discuss resolution but will explore the possibility of settlement as the case progresses. At this time, the Parties cannot say that settlement is likely or unlikely.

**(B)** **The likelihood of appearance in the action of additional parties**

The Parties do not anticipate the appearance of additional parties.

**(C)** **Proposed limits on the time:**

    (i)    To join other parties and to amend the pleadings: **March 13, 2026.**

    (ii)    To file dispositive motions: **September 18, 2026.**

    (iii)    To complete all discovery, including expert discovery: **August 28, 2026.**

**(D)** **Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment**

Though none at this time, the Parties will attempt to streamline the case when possible and necessary going forward.

**(E)** **The necessity or desirability of amendments to the pleadings**

Unknown at this time.

**(F)** **The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence**

It is unknown whether admissions of fact may be obtained, whether authenticity of documents will be an issue, or whether the Parties will need advance rulings from the Court as to certain evidentiary matters. However, the Parties will attempt to resolve as many evidentiary issues as possible by means of admissions and stipulations.

**(G)** **Suggestions for the avoidance of unnecessary proof and of cumulative evidence**

The Parties have no suggestions at this time, but will discuss this issue following the applicable discovery cut-off date and before the status conference.

**(H)** **Suggestions on the advisability of referring matters to a Magistrate Judge or master**

Other than discovery issues, none at this time.

**(I)** **A preliminary estimate of the time required for trial**

The Parties estimate a trial time of 3-4 days.

**(J)** **Requested date or dates for conferences before trial, a final pretrial conference, and trial**

The Parties request that the status conference be held on or about **January 11, 2027** and that trial in this matter be set for on or after the two-week trial period beginning **January 18, 2027**.

**(K)** <u>Any issues about</u>:

(i) **Disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced**:

The Parties have made the following agreements regarding the disclosure and discovery of electronically stored information as well as the assertion of claims of privilege or protection of trial preparation materials after production: Disclosure or discovery of electronically stored information ("ESI") should be handled as follows:

1. **Nature of Production of ESI**. Electronic discovery shall be produced to the requesting party in a commercially reasonable manner. The Parties agree that ESI shall be produced to the requesting party in a commercially reasonable manner, including the relevant metadata (e.g., creation date, modification date, authorship), unless otherwise agreed. If a party requests documents that are stored in a readily accessible electronic format, the producing party may provide the requesting party copies of the documents in .pdf format with bates numbering, provided that such format retains all metadata from the native format. If the receiving party determines in good faith that production of a document in a .pdf format does not adequately allow the party to review the document, the receiving party may request that an electronic copy be provided to it. The parties agree to produce pictures and videos in their original digital format, to the extent technically feasible. To the extent electronically stored information is not readily accessible, the parties agree to follow the guidelines provided in Rule 26(b)(2)(B). The parties will collaborate to establish search terms and identify custodians for email searches.

2. **Cost and Burden of Producing Electronic Discovery**. Unless the party with the burden of bearing the costs as specified below demonstrates to the Court that the cost is overly burdensome, the following presumptions apply: (1) To the extent that the parties request files or copies of documents, the parties agree that such requests shall be provided to the other party in the normal and traditional course of discovery, with the

producing party bearing the cost of assembling the requests; (2) To the extent that a party requests to examine a hard drive, server, computer, voice mail system, or other electronic device or component, the party making the request shall bear the cost of the examination and may, if necessary, examine the device or component at a mutually agreeable time and in a commercially reasonable manner.

      (ii)    **Claims of privilege or of protection as trial-preparation materials, including — if the parties agree on a procedure to assert those claims after production — whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502**:

To the extent that counsel for a disclosing party receives electronic discovery from its client and the discovery does not contain any privileged communications, counsel for the disclosing party may forward such electronic discovery to opposing counsel by e-mail without waiving the attorney-client privilege. The parties may also agree that if counsel for either party inadvertently discloses information protected by the attorney-client privilege, such disclosure shall not constitute a waiver of the attorney-client privilege. When a party learns that privileged information, either received or produced has been inadvertently disclosed, the party shall notify the other party in writing and the document shall be returned so that the document may be withheld or redacted, as appropriate, and shall be identified in a privilege log. The Parties acknowledge that either party may challenge the other party's claim of privilege pursuant to Rule 37 of the Federal Rules of Civil Procedure.

      (iii)    **When the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), matters enumerated on the ESI Checklist**:

At this time, the Parties are not aware to the extent ESI will be a source of relevant discovery.

**(L)**     **<u>Any other information that might be helpful to the Court in setting the case for status or pre-trial conference</u>**

None at this time.

Dated: January 6, 2026.

Respectfully submitted,

| | |
|---|---|
| */s/ Daniel J. Barroukh* | */s/ Todd W. Shulby* |
| Daniel J. Barroukh, Esq. | Todd W. Shulby, Esq. |
| Florida Bar No. 1049271 | Florida Bar No. 68365 |
| danielb@dereksmithlaw.com | tshulby@shulbylaw.com |
| | |
| **DEREK SMITH LAW GROUP, PLLC** | **Todd W. Shulby, P.A.** |
| 520 Brickell Key Drive, #O-301 | 1792 Bell Tower Lane |
| Miami, FL 33131 | Weston, Florida 33326 |
| Telephone: 786-688-2335 | Tel: (954) 530-2236 |
| Fax: (305) 503-6741 | Fax: (954) 530-6628 |
| *Counsel for Plaintiffs* | *Counsel for Defendants* |